
UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO JOHNS | DOCKET NO. 1:05 CV 1016 |
| | SECTION P |
| VS. | JUDGE DRELL |
| TIM WILKERSON, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by pro se Plaintiff, **ANTONIO JOHNS** ("Plaintiff"). He is currently incarcerated in Washington Correctional Institute, but Plaintiff complains of events that occurred while incarcerated at the Winn Correctional Center ("WCC") in Winnfield Louisiana. Plaintiff was granted permission to proceed in forma pauperis in this action on June 9, 2005. [Rec. Doc. 8]. Plaintiff names Timothy Wilkinson, Virgil Lewis, and Christopher Miles as defendants in the instant action.

The Court construes Plaintiff's complaint as alleging an offense of his civil rights by correctional officials in failing to protect him from another inmate and thereby, violating his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution. Plaintiff seeks monetary damages as relief.

Plaintiff is proceeding in forma pauperis in this action and

1

therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Accordingly, in order to determine if his civil rights claim is actionable, he should amend to provide this Court with the following information. See <u>Talib v. Gilley</u>, 138 F.3d 211 (5th Cir. 1998) (allowing the use of questionnaires or an evidentiary hearing in order to aid a court in the determination if an *in forma pauperis* complaint is frivolous).

**FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges the defendants failed to protect him from an attack by a fellow inmate.[Rec. Doc. 1, p.4] Plaintiff alleges that he was sexually attacked in the middle of the night by his cellmate, who forced oral and anal sex on Plaintiff. Plaintiff alleges that defendants covered up the incident. Plaintiff alleges that he provided written notice to a staff member, who ignored his requests for help. Later that day Plaintiff alleges that he successfully alerted staff to the attack, and he was sent to the hospital for a rape kit, evidently the police interviewed him and investigated the attack. Plaintiff alleges that after he was back at the prison, the defendants began an independent investigation with the intent of refuting Plaintiff's rape allegations so that the Winn Facility and the Corrections Corporation of America would not look culpable. Plaintiff alleges an unsafe environment for the inmates because of the lack of security, insufficient monitoring. [Rec. Doc. 1-1, p.5]

2

Plaintiff seeks relief in the form of monetary damages.

Plaintiff is proceeding *in forma pauperis* in this action and therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e).

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an

3

attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996).

**FAILURE TO PROTECT**

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of protection from violent attacks by other inmates. <u>Smith v. Wade</u>, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, **Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety AND** that the **Defendants were deliberately indifferent** to his need for protection. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the **official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.**" Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1)"they were **unaware** of even an obvious risk to inmate health or safety," (2)"they did not know of the underlying facts indicating a sufficiently substantial danger," (3)"they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a Plaintiff to allege **specific facts** which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) **the name(s) of each person** who allegedly violated plaintiff's constitutional rights;

(2) a **description of what actually occurred or what each defendant did to violate plaintiff's rights;**

(3) the **place and date(s) that each event occurred;** and

(4) a **description of the alleged injury.**

Plaintiff's complaint needs to name what action each named defendant has taken in violation of his constitutional rights. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates, however, not every injury suffered by a prisoner rises to the level of a constitutional violation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994). In order to determine whether a constitutional claim has been stated, Plaintiff should amend his complaint and include the following information:

(1) The name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) A description of what each defendant did to violate plaintiff's constitutional rights;

(4) A description of the alleged injury; Please explain fully all injuries received;

(5) Did Plaintiff and the inmate who attacked him, exchange any words or get into any fights prior to the attack

6

which is the subject of this lawsuit? Explain;

(6) If so, were the correctional officials told or made aware of these incidents?

(7) Did Plaintiff tell officials about the attack after it happened? Explain each conversation;

(8) If so, where any actions taken to separate the Plaintiff and his attacker from each other during community and/or recreational times at the prison?

(9) Has another attack on Plaintiff occurred since the attack that is the subject of this lawsuit? Explain;

(10) Describe all medical care given for your injuries? Include when and by whom?

(11) Has Plaintiff received any diagnosis from any doctor, or otherwise? Explain;

(12) Did Plaintiff receive any disciplinary action for the incident which is the subject of this lawsuit? Explain.

(13) Plaintiff alleges that the conditions are unsafe at Winn Correctional Center, Please explain how prison officials **should know** the conditions were unsafe; Provide examples.

Furthermore, Plaintiff has alleged that he has exhausted administrative remedies with respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a) makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that "the PARA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Tussle, 534 U.S. 516, 525, 122 S.C. 983, 992, 152 LED.2d 12, (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See Booth v. Churner, 532 U.S. 731, 739, 121 S.C. 1819, 1827, 149 LED.2d 958 (2001)."Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." Id.

Plaintiff is hereby put on notice that when a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the prisoner's complaint should be dismissed without prejudice, thereby allowing the refiling after exhausting all his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).

Plaintiff should amend his complaint and provide information

that such grievances have been exhausted.

Furthermore, insofar as the Plaintiff has named any of the defendants in their supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See <u>Mouille v. City of Live Oak</u>, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); <u>Jennings v. Joshua Independent School District</u>, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be **personally involved** in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. <u>Id.</u> (emphasis added) Plaintiff's statements that certain officials, acting in a supervisory role violated his constitutional rights, is not enough to satisfy the above standard. He must allege personal involvement or deficient policy implementation on behalf of these officials.

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. <u>Spears v. McCotter,</u> 766 F.2d 179 (5th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims Plaintiff is unable to cure through amendment. **Plaintiff's amendment shall**

not exceed five (8)typewritten or ten (15)legible handwritten pages.

**IT IS FURTHER ORDERED** that within thirty (30) days of the filing of this order, Plaintiff provide this Court with documentary proof that he exhausted **ALL** administrative remedies in connection with the claims asserted herein and responses, provided by the proper parties, thereto.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address pursuant to LR 41.3W.**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 1st day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE